UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:12CR71 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| A. EDDY ZAI, et al., | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 21, 2012, this Court held a hearing on numerous motions filed by Defendant A. Eddy Zai.   The Court now resolves those motions.

Zai has filed a motion for a bill of particulars (Doc. 23), a motion to dismiss count 12 of the indictment (Doc. 59), a supplemental motion for a bill of particulars (Doc. 61), and a motion to sever Counts 33, 36, and 37 (Doc. 62).   The motions are DENIED.

**I.      Bill of Particulars**

In his motion requesting a bill of particulars, Zai requests that the Government provide more specific information for counts 3 through 12 and 26 through 31 of the indictment.  Zai's supplemental motion seeks additional information regarding counts 34 and 35.

Counts 3 through 11 of the indictment charges Zai as follows:

2. On or about the dates set forth below, in the Northern District of Ohio, Defendant A. EDDY ZAI knowingly made false statements in loan applications and loan documents he presented and caused to be presented to SPCFCU, a Federal credit union, for the purpose of influencing in any way the action of SPCFCU, namely representing to SPCFCU that the entities for whom he was signing and submitting loan applications and documents were legitimate ongoing business ventures when, in fact, they were not:

| Count | Document Date | Document Submitted That Contained False Statements |
|---|---|---|
| 3. | 3/7/2008 | Account Card signed by ZAI for Alpina, Inc. |
| 4. | 4/2/2008 | Loan Application and Loan Security Agreements and Disclosure Statement signed by ZAI for Alpina, Inc. |
| 5. | 6/5/2008 | Loan Application and Loan Security Agreements and Disclosure Statement signed by ZAI for Alpina, Inc. |
| 6. | 7/7/2008 | Loan Application and Loan Security Agreements and Disclosure Statement signed by ZAI for Alpina, Inc. |
| 7. | 11/5/2008 | Loan Application and Loan Security Agreements and Disclosure Statement signed by ZAI for Cleveland Real Estate Group. |
| 8. | 1/9/2009 | Loan Application signed by ZAI for The Cleveland Development Group, LLC |
| 9. | 2/10/2009 | Loan Application and Loan Security Agreements and Disclosure Statement signed by ZAI for Alpina, Inc. |
| 10. | 4/30/2009 | Loan and Security Agreements and Disclosure Statement signed by ZAI for Cleveland Flooring & Designs, Ltd. |
| 11. | 7/31/2009 | Loan Application signed by ZAI for Cleveland Flooring & Designs, Ltd. |

All in violation of Title 18, United States Code, Section 1014.

Doc. 1 at 15. These counts also incorporate the conspiracy allegations and certain factual allegations contained with the indictment. In support of his request for a bill of particulars on these

counts, Zai has argued at length that the Government must identify the *specific* false statement within each application in order to avoid unfair surprise and ensure a fair trial.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged [.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment will survive constitutional challenges if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *Hamling*, 418 U.S. at 117). The Government is permitted to draft an indictment that alleges the charges using the words of the statute itself as long as it gives all the elements of the offense " 'fully, directly, and expressly[.]' " *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *Landham*, 251 F.3d at 1079. Moreover, the statutory language " 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *Hamling*, 418 U.S. at 117–18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)); *Landham*, 251 F.3d at 1079.

Federal Rule of Criminal Procedure 7(f) states as follows

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.

1993).

> The Sixth Circuit has held that there are three primary purposes served by a bill of particulars: 1) to apprise the defendant of the crime charged with sufficient particularity to enable him to prepare a proper defense; 2) to avoid prejudicial surprise at trial; and 3) to enable the defendant to plead his acquittal or conviction as a bar to later prosecution for the same offense. S*ee United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Vassar*, 2009 WL 2959290, *3 (6th Cir. Sept.16, 2009).
>
> A bill of particulars, however, "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Crayton,* 357 F.3d 560, 568 (6th Cir. 2004) (internal quotation marks and citation omitted).

*United States v. Blaney*, 2012 WL 553558, at *2 (E.D.Mich. Feb. 21, 2012).   This Court has the discretion to order that the Government provide a bill of particulars based upon the specific facts of each case. *See Salisbury*, 983 F.2d at 1375.

With respect to counts 3 through 11, the Court can find no reason to order the Government to provide a bill of particulars.   The indictment specifies the date of the document that contains the false statement and identifies the precise document that contains false statements.   Furthermore, the incorporated paragraphs from the conspiracy charge outline the Government's allegations that Zai used numerous entities as "shell" companies to funnel illegal loan proceeds to himself. Additionally, the Government has provided the documents at issue and each is only 2 to 3 pages in length.   Thus, it is readily apparent that the indictment places Zai on specific notice of the statements that the Government claims to be false – namely the representations in the loan applications that the loans are for legitimate business purposes for each of the "shell" companies. Thus, there is no justification for ordering a bill of particulars for these counts.

With respect to counts 26 to 31, Zai also requests a bill of particulars.   Those counts read as follows:

2.    On or about the dates set forth below, in the Northern District of Ohio, Defendant A. EDDY ZAI knowingly made false statements in loan applications, and personal financial statements submitted therewith, by presenting and causing to be presented to Park View Federal Savings Bank, a financial institution the deposits of which are insured by the Federal Deposit Insurance Corporation, the following documents which were submitted for the purpose of influencing in any way the action of that institution, and which contained material misrepresentations and false statements and omitted material information regarding ZAI's creditworthiness to repay and guarantee the loans for which he applied:

| Count | Document Date | Document |
|-------|---------------|----------|
| 26. | 3/30/2004 | Personal Financial Statement which falsely represented ZAI's assets and liabilities |
| 27. | 5/31/2005 | Personal Financial Statement which falsely represented ZAI's assets and liabilities |
| 28. | 6/21/2006 | Personal Financial Statement which falsely represented ZAI's assets and liabilities |
| 29. | 3/31/2007 | Personal Financial Statement which falsely represented ZAI's assets and liabilities |
| 30. | 3/31/2008 | Personal Financial Statement which falsely represented ZAI's assets and liabilities |
| 31. | 2/1/2009 | Personal Financial Statement for ZAI which falsely represented ZAI's assets and liabilities, and although it disclosed for the first time a portion of his extensive loan debt to SPCFCU, falsely stated that the loan debt was incurred in October and November 2008. |

All in violation of Title 18, United States Code, Sections 1014.

Doc. 1 at 24-25.  Similar to the Court's analysis above, the Court can find no justification for requiring additional information from the Government regarding these charges.   The remainder of

the indictment, including the conspiracy and general allegations incorporated by reference in these charges, makes the Government's position clear: Zai routinely failed to report the debt he has accrued with the credit union. As a result, Zai overstated his assets and understated his liabilities. As the Government has identified the specific documents that contain these misstatements and the dates these documents were created, no bill of particulars is warranted.

Zai's supplemental motion seeks a bill of particulars for counts 34 and 35. Count 34 charges as follows:

1.     Paragraph 11 of the General Allegations is incorporated herein and re-alleged by reference.

2.     On or about September 25, 2007, in the Northern District of Ohio, Defendant A. EDDY ZAI knowingly made a false statement in a loan application to a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing in any way the action of that institution, to wit: submitting a false Uniform Residential Loan Application (Form 1003) to ABN Amro, an FDIC insured institution, that failed, among other things, to disclose his loan debt to SPCFCU in order to qualify for a $1 million residential loan.

All in violation of Title 18, United States Code, Section 1014.

Similarly, count 35 charges:

1.     Paragraph 12 of the General Allegations is incorporated herein and re-alleged by reference.

2.     On or about October 9, 2007, in the Northern District of Ohio, Defendant A. EDDY ZAI knowingly made a false statement in a loan application to a financial institution, the

deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing in any way the action of that institution, to wit: submitting a false Uniform Residential Loan Application (Form 1003) to CitiBank, an FDIC insured institution, that failed, among other things, to disclose his loan debt to SPCFCU in order to qualify for a home equity line of credit in the amount of $275,500.

   All in violation of Title 18, United States Code, Section 1014.

Doc. 1 at 27-28.  Specifically, Zai contends that to avoid unfair surprise, the Government must indicate what "among other things" references in both counts.  During the hearing before the Court, the Government asserted that the "among other things" simply meant that while understating his debt, Zai also *overstated* his assets.  Having placed this statement on the record and indicated that "among other things" means nothing else, the Government has eliminated any need for a bill of particulars on these counts of the indictment.

   Finally, Zai seeks a bill of particulars for count 12 of the indictment which reads:

   1.  Paragraphs 1-7 of the General Allegations and Paragraphs 3-13 of Count 1 are incorporated herein and re-alleged by reference.

   2.  From in or about January 2007 through in or about December 2008, in the Northern District of Ohio, Defendants A. EDDY ZAI and TED M. VANNELLI corruptly gave, offered and promised a thing of value exceeding $1,000 to an officer, director, employee and agent of a financial institution in connection with the business and one or more business transactions of a financial institution, to wit: giving and causing to be given numerous cash payments totaling more than approximately $5,000 to Anthony Raguz, the Chief Operating Officer of St. Paul Croatian Federal Credit Union, a financial institution, as defined in Title 18,

United States Code, Section 20, the deposits of which were insured by the National Credit Union

Share Insurance Fund, with the intent to influence and reward Raguz for approving and

facilitating the approval of fraudulent loans to ZAI, his nominees, and entities under his control.

All in violation of Title 18, United States Code, Sections 215 and 2.

Doc. 1 at 16.  Zai's argument with respect to this Court can be boiled down to one issue – his

claim that the Government must provide specific dates and amounts for his bribes to Raguz.  Zai

contends that failing to specify the dates and amounts warrants dismissal of this count of the

indictment.

The Government asserts that given the nature of the alleged bribery scheme, it has provided

sufficient information to warrant denial of the motion.  Specifically, the Government asserts:

"The nature of cash bribes is necessarily indistinct. One may never know with precision the

amounts exchanged and the dates those exchanges were made."  *United States v. Raue*, 2008 WL

4876152, at *6 (D.S.D. Nov. 12, 2008).   The district court in *Raue* also described other bribery

cases in evaluating whether a bill of particulars was warranted:

> In a bribery case involving obtaining mortgages, the district court denied
> defendants' motion for a bill of particulars in most respects, but granted the
> defendants' motion to obtain the names of those who paid money to the defendants,
> as alleged in the overt acts. *United States v. McCarthy*, 292 F.Supp. 937, 940-941
> (S.D.N.Y. 1168).
>
> Likewise, in *United States v. Dean*, 266 F.Supp. 159, 160 (D.C.N.Y. 1966), the
> court in a bribery case granted the defendants' motion for a bill of particulars as to
> four categories of information: (1) the approximate date and time of day when the
> defendant received the bribe; (2) the person who gave the defendant the bribe; (3)
> the place where the defendant received the bribe; and (4) whether the payment was
> made by cash or check or both.
>
> In a more recent bribery case, the government was not required to provide a bill of
> particulars where the detailed indictment and the discovery provided by the
> government together sufficiently apprised the defendants of the transmissions and
> transfers of funds, including dates, times, and amounts of such transfers, which
> formed the basis of the charges against the defendants. *United States v. Chalmers*,

410 F.Supp.2d 278, 284-286 (S.D.N.Y. 2006).

> The district court in *United States v. Giffen*, 379 F.Supp.2d 337, 346-347 (S.D.N.Y. 2004), also denied a motion for a bill of particulars where the indictment was detailed, alleging a series of acts, identifying some co-conspirators, and describing the alleged bribing scheme, including specific dates, locations, and monetary amounts. Together with the discovery the government had provided, the court held that the defendants were sufficiently apprised of the charges against them so as to enable them to adequately prepare for trial and to avoid unfair surprise. *Id.*

*Id.* at *4.

In the Court's view, Zai's indictment and discovery fall closer in line with *Giffen* and those precedents that do not require a bill of particulars.   The indictment alleges that in paragraph 10 that Zai, "either directly or indirectly, gave Raguz numerous cash payments, usually in the form of $100 bills concealed in envelopes and delivered directly to Raguz" at the credit union office. Doc. 1 at 6.   The overt acts alleged in the indictment also contend that Zai provided bribes as "thank you" gestures for loan approvals in 2007.   Elsewhere in the indictment, the Government alleges the precise dates that false loan applications were submitted.   Thus, reading those provisions together, the Government has provided information about the dates and locations of the bribes, their cash form, and the individuals involved in the scheme.   Similarly, the overt acts portion of the indictment also identifies the precise date of approximately a dozen email transmissions that the Government contends reference loan applications and plans to provide bribes to Raguz.   Finally, the Government has agreed to provide *Jencks* material 60 days prior to trial – roughly 30 days more than Zai had even requested it.

Based upon the above, the Court finds that no bill of particulars is warranted for Count 12. Zai has been informed by the indictment that:   1) the bribes were made in cash utilizing $100 bills 2) he or his agent, Vannelli, made the bribes to Raguz, 3) the bribes were delivered to the credit union office, 4) the bribes were directly related to fraudulently approved loan applications, 5) the

precise dates of those loan applications, and 6) the dates of emails that purportedly inform Vannelli to bribe to Raguz.   The above information combined with the *Jencks* material and other discovery provided to Zai is more than sufficient to allow him to adequately prepare for trial and avoid unfair surprise.

The motion for a bill of particulars and the supplemental motion for a bill of particulars are DENIED in their entirety.

## II.    Motion to Dismiss

Zai has separately moved to dismiss count 12 of the indictment.  Zai's argument in support of this motion tracks his motion for a bill of particulars for this count.   Specifically, Zai alleges that without the precise amount of each bribe and the date it occurred being present in the indictment, the indictment is insufficient as a matter of law.   The Court disagrees.

As noted above, an indictment is generally sufficient if it contains the elements of the charge against the defendant and contains sufficient information to allow protection against double jeopardy.   Zai concedes, as he must, that the indictment properly tracks the language of the bribery statute, thereby alleging all of the elements of the crime.   Zai, however, contends that the indictment contains insufficient factual information to allow him to properly defend the matter. Zai contends that without more specific information, he is not protected against double jeopardy. The Court disagrees.   For the reasons discussed in resolving Zai's motion for a bill of particulars on this count in the indictment, his motion must fail.   The Government has provided more than sufficient information and discovery to allow Zai to defend against the alleged bribery scheme. The motion to dismiss is DENIED.

## III.    Motion to Sever

In his final motion, Zai seeks to sever counts 33, 36, and 37 from the indictment and have

them tried separately.   Zai admits that the guilty plea of co-defendant Zrino Jukic has mooted this motion with respect to counts 36 and 37.   Zai, however, contends that severance is still appropriate for count 33.   The Court finds no merit in this argument.

Fed. R. Crim. P. 14(a) provides as follows:   "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

> Interpreting Rule 14, the Sixth Circuit has observed that "[a]s a general rule, persons jointly indicted should be tried together." *Causey*, 834 F.2d at 1287; *accord Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008); *United States v. Gardiner*, 463 F.3d 445, 472 (6th Cir. 2006); *Harris*, 9 F.3d at 500.
>
> …
>
> "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Examples of such "serious risk[s]" include where evidence is admissible against one defendant but not another, where jointly tried defendants have "markedly different degrees of culpability," or where exculpatory evidence would be inadmissible in a joint trial. *Id*. However, there is no test or exclusive list of putative prejudices, as "[t]he risk of prejudice will vary with the facts in each case." *Id*. Risk of simple prejudice is insufficient to sever the trials of co-defendants; the prejudice must be "'compelling, specific, and actual,'" *Gardiner*, 463 F.3d at 473 (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)), or "substantial" or "undue," *Caver*, 470 F.3d at 238 (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)) (internal quotation marks omitted).

*United States v. Martinez*, 432 Fed. Appx. 526, 529 (6th Cir. 2011).

In the instant matter, Zai's sole contention is that the Government could introduce evidence regarding Jukic's fraud and that a jury could conclude that Zai was somehow complicit in that fraud, despite there being no allegation that he was involved.   The Government, however, has asserted that no such evidence will be introduced.   Furthermore, any such evidence would fairly

clearly be subject to a proper motion in limine.    Accordingly, there is no basis to support severance.    The motion to sever is DENIED.

**IV.    Conclusion**

The motions requesting a bill of particulars are DENIED.    The motion to dismiss count 12 is DENIED.    The motion to sever is DENIED.

IT IS SO ORDERED.

<u>August 30, 2012</u>                          <u>/s/ John R. Adams</u>
                                               JUDGE JOHN R. ADAMS
                                               UNITED STATES DISTRICT JUDGE