ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:12CR71 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE JOHN R. ADAMS |
| ) | |
| A. EDDY ZAI, ) | <u>ORDER</u> |
| ) | |
| Defendant. ) | |
| ) | |

This matter appears before the Court on a petition filed by the Cleveland International Fund ("CIF") asking the Court to adjudicate the parties' interests in payments that are due and owing to CIF through development projects with Flats East Hotel, LLC ("Flats East") and University Hospitals Health System, Inc. ("UH").

CIF filed its petition on December 28, 2012. On January 17, 2013, the Government moved to dismiss the petition. CIF has responded, and the Government has replied. The Government's motion to dismiss is GRANTED.

**I.** **Background**

On February 7, 2012, Defendant Eddy Zai was charged in a 37-count indictment with providing false statements to a credit union, financial institution fraud, and securing loans through bribery. Counts 1 and 2 in the indictment contained forfeiture provisions which required Zai to forfeit "all property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as the result of such offense. On November 5, 2012, Zai entered into a plea agreement

with the Government. Within the plea agreement, Zai agreed to forfeit: 1) payments Flats East is obligated to make to CIF, 2) payments UH is obligated to make to CIF, 3) any and all payments to CIF from the Westin project, and 4) any and all payments to CIF from the American Greetings project. Zai further admitted that these monies were subject to forfeiture because they were proceeds of his offenses.

Specifically, in his plea agreement, Zai stated that "illegal St. Paul Croatian Federal Credit Union (SPFCU) loan proceeds, obtained as the result of the commission of the offenses charged in Count 1 and 2 of the indictment, were used to keep The Cleveland Group, Ltd., operating and paid for CIF's start-up/operating costs." On November 30, 2012, the Court entered a preliminary order of forfeiture for the 4 properties set forth above.[1] CIF then filed its third-party petition pursuant to 21 U.S.C. § 853(n)(2), which provides as follows:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

The Court now resolves the Government's motion to dismiss CIF's petition.

## II. Legal Standard

21 U.S.C. § 853(n)(6) governs these proceedings and provides as follows:

If … the court determines that the petitioner has established by a preponderance of the evidence that –

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the

---

[1] The Government has since declined to seek forfeiture of the Westin and American Greeting payments as they are speculative and not yet in existence.

commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

The petitioner has the burden of proof on its claim of legal right, title, or interest. *Id.*; *Pacheco v. Serendensky*, 393 F.3d 348, 351 (2d Cir. 2004). Furthermore, under § 853(c), the Government's interest in the property described in § 853(a) vests when the defendant commits the act giving rise to forfeiture; this timing provision is often called relation back. *United States v. O'Dell*, 247 F.3d 655, 685 (6th Cir. 2001); *United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007) (holding that "[u]nder the relation-back doctrine, title to the forfeited property vests in the United States at the time of the defendant's criminal act").

### III. Analysis

#### A. The Government's Interest

The Government contends that its interest in the UH and Flats East payments. In that respect, the Court notes that the undisputed evidence before this Court supports the Government's view that these payments are proceeds of Zai's crime. This evidence includes the affidavit of Special Agent Derek Kleinmann and Zai's own admissions in his plea agreement.

For purposes of forfeiture, "the term 'proceeds' means property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A). In that regard, Kleinmann's affidavit includes the following information. Jennifer Carpenter, the controller for Zai's company The Cleveland Group opined

that "SPCFCU loan proceeds kept The Cleveland Group operating, and paid for CIF's start-up costs." Dan Gibel, a CPA engaged by The Cleveland Group offered that "the loan proceeds from SPCFCU were the only source of funds to pay the startup costs for CIF." Furthermore, during his sentencing, Zai conceded that *all* of the costs surrounding the formation of CIF were paid through the illegal loans he had obtained. These costs included the attorney fees surrounding CIF's creation and the funds necessary for Zai to travel abroad to set up contacts that would be utilized in CIF's operation.

CIF's appears to contend that Zai "provided limited support to CIF, investing some seed money." This assertion is not supported by any evidence. As detailed above, the undisputed evidence before this Court demonstrates that the illegal loan proceeds were **the sole source** of funding for CIF at its inception. Accordingly, the Government has demonstrated that the revenue streams of UH and Flats East to CIF are proceeds of Zai's illegal conduct.

### B. CIF's Interest

The Government is correct that CIF does not, in its petition or in its opposition to the motion to dismiss, attempt to demonstrate a viable interest *as defined by statute*. The Government properly notes that CIF may only demonstrate the validity of its petition by demonstrating that it has a pre-existing interest in the property or is bona-fide purchaser of the property.

In the instant matter, the payments from UH and Flats East are proceeds of Zai's crime. Accordingly, the Government's interest in those funds vested at the time of their creation. Thus, it is not legally possibly for CIF to have pre-existing interest in the property. Furthermore, there is no suggestion that CIF somehow qualifies as a bona-fide purchaser of the properties. For those reasons alone, CIF's petition must be dismissed.

However, out of an abundance of caution, the Court will attempt to address the plethora of arguments raised by CIF. In that regard, the Government is correct that a majority of CIF's arguments focus on whether the funds are subject to forfeiture, an argument that CIF is not permitted to make in its third-party petition. The advisory notes to Fed. R. Crim. P. 32.2 provide as follows:

> Under this scheme, the court orders the forfeiture of the defendant's interest in the property--whatever that interest may be--in the criminal case. At that point, the court conducts a separate proceeding in which all potential third party claimants are given an opportunity to challenge the forfeiture by asserting a superior interest in the property. **This proceeding does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property**.

(emphasis added). The Court would also note that the Government has cited extensive case law that confirms that a third-party may not revisit forfeitability in its petition. *See United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008); *United States v. Porchay*, 533 F.3d 704, 710 (8th Cir. 2008). Moreover, even if CIF could challenge the forfeitability of the properties at issue, its claims would fail.

First, CIF contends that its interest is superior to Zai's interest because Zai has no interest in the properties at all. While noting above that CIF may not challenge this issue, its challenge still fails. CIF claims that it is an LLC and that therefore Zai's interests are limited to the distributions a member would be entitled to under law. This argument goes far beyond frivolous. Following CIF's reasoning, funds that are subject to lawful forfeiture could be *entirely* shielded from forfeiture simply by investing in a limited liability company. Furthermore, CIF's reasoning ignores entirely the law surrounding proceeds. Proceeds of a crime are subject to forfeiture. CIF has offered no law of any kind that would suggest that those proceeds can somehow be sheltered in an LLC and thereafter no longer be subject to forfeiture.

Similarly, CIF attacks the Government's preliminary forfeiture, contending that the Government should have sought forfeiture of Zai's interest in The Cleveland Group, rather than the payments at issue herein. CIF contends that The Cleveland Group was the entity that invested in CIF and that therefore Zai never personally invested in CIF. Again, CIF ignores reality in its contentions. The undisputed evidence before this Court demonstrates that Zai funneled his illegal loan proceeds through nearly a dozen businesses operating the umbrella of The Cleveland Group. As the Government amply demonstrated that the illegal funds were used to fund CIF, it was not required to seek forfeiture of Zai's interest in The Cleveland Group. It was well within the Government's discretion to seek forfeiture directly of the proceeds of Zai's crimes.

CIF also contends that forfeiture of these properties is improper because the link to Zai is too tenuous to support forfeiture. Again, however, CIF ignores that without Zai's illegal activities, these revenue streams would not exist. To that end, the Court agrees with the authority cited by the Government, *United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010). In rejecting an argument that the Government's forfeiture was overreaching, the Court noted as follows:

> Moreover, the argument that certain sales were legitimate gains no traction. Any money generated through these potentially legitimate sales is nonetheless subject to forfeiture, as the sales all resulted "directly or indirectly" from a conspiracy to commit fraud. See 18 U.S.C. § 982(a)(2). The same can be said for any sales that occurred at retail because those sales were the outgrowth of Berkeley's fraudulent beginnings. Furthermore, it could be argued that any sales post-dating the bank-fraud counts were proceeds resulting indirectly from fraud, as Berkeley *would have been unable to conduct credit-card transactions if the chargeback-manipulation scheme had never been implemented*. As a consequence, forfeiture of Berkeley's revenues, including money generated through supposedly legitimate transactions, was appropriate.

*Id.* at 332-33 (emphasis added). Similarly here, none of CIF's operations would have been possible, but for Zai's illegal loan activities. Thus, even revenues generated through later, legitimate transactions are subject to forfeiture.

CIF also appears to contend that the properties cannot be forfeited because Zai never physically possessed them. Again, CIF ignores the law surrounding proceeds. As the Government properly highlights, Zai need not have physical possession of proceeds in order for them to be subject to forfeiture. *United States v. Capoccia,* 2010 WL 4942213, at *1 (2d Cir. Dec. 7, 2010). Thus, CIF's argument fails.

CIF also relies upon bad law, *United States v. Gilbert*, 244 F.3d 888 (11th Cir. 2001). *Gilbert* has been superceded by Fed. R. Crim. P. 32.2. CIF's arguments that non-binding precedent that no longer represents good law somehow defeats the Government's forfeiture are not well taken. Moreover, the procedural history and facts of *Gilbert* are so far removed from the facts herein, they offer little to no guidance to the Court. Finally, CIF's reliance on *Gilbert* simply revisits its contentions that the Government was only permitted to seek forfeiture of The Cleveland Group and Zai's payments as an LLC member and nothing else. As detailed above, these arguments lack merit.

Finally, CIF contends that this Court should examine *United States v. Contorinis*, 692 F.3d 136 (2d Cir. 2012) and conclude that CIF is an innocent party. In that matter, the Court found error in the forfeiture of funds that were received by an innocent third-party that was unaware of the underlying criminal activity. Herein, the same cannot be said of CIF. CIF was funded with illegal loan proceeds. At that time, Zai was an officer of CIF and had direct knowledge of the source of those funds. As such, that knowledge is imputed to CIF and CIF cannot now contend that it is an innocent third party.[2] *Contorinis*, therefore, offers no support for CIF's petition.

---

2 Moreover, CIF is now owned in part by Blackman, the man who was treasurer of The Cleveland Group and later worked for CIF while Zai was engaged in his bribery scheme. As the Court has detailed in other filings, there are significant questions surrounding the scope and depth of Blackman's knowledge of Zai's crimes.

### IV. Conclusion

In summary, CIF has offered *no evidence* that it has a superior interest in the UH and Flats East payments. Instead, it has improperly sought to attack the forfeitability of those properties. Ignoring the impropriety of the arguments, the Court has also found that they substantively lack merit. Accordingly, the Government's motion to dismiss is GRANTED.

Within seven (7) days of this order, the Government shall submit a proposed final order of forfeiture.

Moreover, the Court has written at length in ancillary matters about the agreement reached between CIF and the Government that diverted portions of seized funds to CIF. As the Court has concluded that the UH and Flats East payments are subject to forfeiture and that CIF has no valid interest in those payments, any such agreement is hereby deemed NULL AND VOID by operation of law. Following entry of the final order of forfeiture, **all payments from Flats East and UH will be paid to the Government** to fulfill Zai's restitution obligation.

IT IS SO ORDERED.


February 20, 2013                        */s/ John R. Adams*
Dated                                       JUDGE JOHN R. ADAMS
                                                      United States District Judge