ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:12CR71 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE JOHN R. ADAMS |
| ) | |
| A. EDDY ZAI, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

There are two matters currently pending before the Court. Defendant Eddy Zai has moved for the release of his bond now that he has reported to prison. Doc. 199. Second, the Government has moved the Court for a final order of forfeiture. Doc. 180. The motion for release of the bond is GRANTED IN PART AND DENIED IN PART as detailed herein. The motion for final order of forfeiture is DENIED.

**I.   Release of Funds**

With respect to Zai's motion for release of funds, the facts are largely undisputed. On February 9, 2012, Zai deposited $200,000 with the Court. According to his motion, Zai himself contributed $60,000, Adam Blackman contributed $50,000, and Zai's wife, Tina Zai, contributed $90,000. The Court now resolves Zai's request for a return of these funds.

28 U.S.C. § 2044 provides as follows:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine,

restitution, or penalty imposed upon the defendant.

The Court finds that the Government's opposition as well as its in-court statements is sufficient to qualify as a motion under § 2044. Accordingly, the $60,000 deposited by Zai shall be applied to his outstanding restitution balance.

Furthermore, the Government has represented that Blackman has disclaimed any interest in the funds that he deposited on behalf of Zai. Accordingly, the $50,000 deposited by Blackman shall also be applied to reduce Zai's restitution balance.

Finally, the Court must resolve whether Tina Zai is entitled to the return of the $90,000 that Zai claims she posted on his behalf. Tina Zai's $90,000 can be further broken down by virtue of the source of its funds as well. $50,000 was wired to the Zai's checking account from Eddy Zai's brother. Zai claimed that this was a repayment for any number of loans and/or assistance that had been provided to his brother. It is undisputed that Eddy Zai was the sole named recipient on the wire transfer. The Court agrees with the Government that these facts demonstrate that the $50,000 are the property of Eddy Zai and should be applied toward his restitution. The mere fact that Eddy Zai at some point placed those funds in an account to which Tina Zai had access is insufficient to warrant the return of those funds to her.

Similarly, $27,232 on deposit came from a joint federal tax refund the Zai's received for the tax year 2009. Eddy Zai claims that because the money was deposited in an account controlled by his wife, the funds should be returned to her. However, once again, the facts reveal that Eddy Zai was the sole wage earner for the tax year 2009. Furthermore, at that time, Zai was already engaged in the fraudulent scheme that led to his indictment in this matter. Accordingly, his income was significantly tainted by his illegal conduct. As Tina Zai did not earn any income and Eddy Zai's income was tainted by his illegal conduct, the Court will not find that the tax

refund generated from that conduct is the property of Tina Zai.  Instead, the refund is properly applied to Eddy Zai's restitution balance.  A similar analysis applies to any claim that a $3,947 RITA tax refund should be returned.   It will not be returned.

Finally, Eddy Zai claims that $12,780.30 of amount on deposit was funded with Tina Zai's IRA account. The evidence presented showed that deposits were made to this account more than a decade before any illegal activity and while Tina Zai remained employed.  Accordingly, the record demonstrates a legitimate source of funding by Tina Zai and nothing suggests that this account was ever tainted by Eddy Zai's illegal conduct.   Accordingly, Tina Zai has a valid claim to $12,780.30.   However, those funds will not be released at this time.   Following receipt of the amount of time spent by Tina Zai's appointed counsel, the Court will determine what amount, if any, Tina Zai should have to pay her counsel before the return of any money on deposit.

## II. Final Order of Forfeiture

In its final order of forfeiture, the Government requests that this Court approve a carve out of the forfeited monies in the amount of $560,000 for Tina Zai.   Tina Zai would receive a payment of $254,000 in year one and three subsequent annual payments in the amount of $102,000.  In support of this proposal, the Government has indicated that in exchange for this money, Tina Zai had disclaimed any interest in the properties that were subject to forfeiture and agreed not to contest the forfeiture in any manner.   However, the Government has wholly failed to explain ***any*** basis under Tina Zai could lay claim to the forfeited monies.   The Court has thoroughly analyzed the monies at issue and found that they were proceeds of Eddy Zai's illegal activities.   Doc. 178. At no point in time has the Government, or any party or interested individual, provided the Court with any legal authority that would suggest that Tina Zai has a viable claim to funds at issue. Accordingly, the Court declines to approve the Government's final order of forfeiture.

At this time, the Court will not carve out $560,000 of funds that could be applied toward restitution without any legal basis in support. The motion for a final order of forfeiture is DENIED. Within (7) days of this order, the Government shall file a proposed schedule for notifying Tina Zai of this decision and allowing her to file a petition in support of her claim to the $560,000.

    IT IS SO ORDERED.


August 13, 2013                                                             */s/ John R. Adams*  
Dated                                                                     JUDGE JOHN R. ADAMS  
                                                                              United States District Judge