ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:12CR71 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE JOHN R. ADAMS |
| ) | |
| A. EDDY ZAI, ) | <u>ORDER</u> |
| ) | |
| Defendant. ) | |
| ) | |

On August 14, 2013, this Court denied the Government's motion for a final order of forfeiture. Specifically, the Court declined to approve the Government's requested carve-out of $560,000 for Tina Zai. In so doing, the Court ordered the Government to provide Ms. Zai with the proper notice required for forfeiture to proceed on the totality of the monies at issue. The Government complied and Ms. Zai filed her petition on October 26, 2013 (Doc. 218). On November 4, 2013, the Government moved to dismiss that petition (Doc. 219), and Ms. Zai opposed that motion November 12, 2013. On November 15, 2013, Ms. Zai amended her petition (Doc. 224), and on November 18, 2013, the Government replied in support of its motion to dismiss. On November 25, 2013, Ms. Zai sought leave to file a sur-reply in opposition to the motion to dismiss. The Court now resolves the pending motions.

Ms. Zai's motion for leave to file sur-reply (Doc. 226) is GRANTED. The sur-reply is deemed filed and has been considered by the Court in resolving the Government's motion. The Government's motion to dismiss (Doc. 219) is GRANTED, and Ms. Zai's petition (Doc. 218) and

amended petition (Doc. 224) are hereby DISMISSED.

**BACKGROUND**

The Court entered a preliminary order of forfeiture in this matter on November 30, 2012. In that order, certain payments made by Flats East and University Hospital to the Cleveland International Fund ("CIF") were subjected to forfeiture. On December 28, 2013, CIF filed a petition claiming an interest in the forfeited monies. On February 20, 2013, this Court granted the Government's motion to dismiss that petition. Thereafter, on February 26, 2013, the Government filed its motion for a final order of forfeiture. Attached to that motion was an agreement entered into by Ms. Zai and the United States Attorney's Office for the Northern District of Ohio. Within the agreement, Ms. Zai agreed not to contest forfeiture and in exchange, the Government agreed to exclude $560,000 from the final order of forfeiture. As noted above, the Court denied the motion for a final order of forfeiture because the Government failed to provide any basis for carving out these monies for Zai. As a result, the Government noticed an ancillary forfeiture proceeding that resulted in Ms. Zai's pending petition. The Court now resolves that petition.

**ANALYSIS**

Ms. Zai presents no argument that she has an interest in the $560,000 that is legally recognized and superior to the interest of the Government. Moreover, she presents no argument that the funds are not subject to forfeiture. Instead, she maintains that she should receive the benefit of the agreements she was able to negotiate with both the United States Attorney's Office and the victim in this matter, the National Credit Union Administration. In support, Ms. Zai cites to *United States v. Riggs*, 371 F.Supp.2d 474 (S.D.N.Y. 2005), in which a district court reviewed a settlement to determine whether it was fair and equitable. However, in reaching that conclusion, *Riggs* noted "Obviously the settlement entails the interests of many diverse parties and reflects

obvious compromises." *Id.* at 476. In stark contrast, neither the Government, nor Ms. Zai, has ever presented evidence of any compromise or the facts underlying such a compromise.

Instead, the Court has time and again asked the parties for the basis of the settlement. Again and again, the Court has asked under what legal theory Ms. Zai could claim an interest in the forfeited monies that would support a compromise in this matter. In other words, the Court has asked the parties to demonstrate that the settlement is fair and equitable, precisely the test outlined by *Riggs* and relied upon by Ms. Zai. Despite those repeated requests, the parties have offered nothing other than circular logic – arguing that their compromise is fair and reasonable because it is a compromise. The Court declines to adopt such reasoning.

There are certain indisputable facts in this matter. Ms. Zai was arguable at worst an unindicted co-conspirator in her husband's fraud and at best an individual that directly and substantially benefited from that fraud. Furthermore, as the Court previously found, the forfeited monies are the direct proceeds of Mr. Zai's fraudulent acts. More precisely, Mr. Zai's fraudulently obtain loan proceeds were the sole source of funding for CIF. Accordingly, absent that fraud, there would be no proceeds in which Ms. Zai could claim an interest. With that background, the parties have fallen well short of demonstrating that was a fair and reasonable settlement. In fact, they have offered *no factual argument* of any kind to suggest that **any** settlement was required because they have wholly failed to demonstrate any viable argument that Ms. Zai could have raised to contest forfeiture. Accordingly, her petition and amended petition are DISMISSED.

The Court is mindful that Ms. Zai has also entered into a tentative settlement agreement with the victim in this matter, the National Credit Union Administration. Again, however, there has been no legal or factual argument to suggest that such an agreement is fair and reasonable.

While the Court cannot legally vacate these private agreements, it will not in any manner approve of them.  Moreover, should the parties seek to go forward privately without Court approval, the parties should strongly consider whether it is in the public's best interest to turn over $560,000 to an individual that has already benefitted from the criminal fraud of her husband and who has not demonstrated any legal interest to the funds, nor even argued that a legal theory *exists* that could support such recovery.

The Government shall submit a proposed final order of forfeiture consistent with this order within seven days.

IT IS SO ORDERED.


December 18, 2013_____        */s/ John R. Adams*_____
Dated                                   JUDGE JOHN R. ADAMS
                                        United States District Judge