ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 1:12CR71 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| A. EDDY ZAI, et al. | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

Pending before the Court is a renewed motion filed by Defendant A. Eddy Zai in which he seeks permission to travel international and for early termination of his supervised release. Doc. 279. The motion was renewed following a remand from the Sixth Circuit in which the Court was instructed to revisit these requests with a more explicit consideration of the 18 U.S.C. § 3553(a) factors. Upon review of those factors, both aspects of the renewed motion are DENIED.

In his renewed motion, Zai contends that he "cannot perform his job duties if he cannot travel internationally." Doc. 279 at 1. However, beyond noting in a prior filing that he worked for Berkeley Capital as an independent contractor, Zai has offered no details *at all* of his work duties or why international travel is a necessary component.

Moreover, when reviewing the facts and circumstances of his offense, the Court is mindful that international travel played a key role in Zai's criminal offense. It was Zai's international travel and success in recruiting applicants into his EB-5 Regional Center that fueled further fraudulent activity. In fact, in his original sentencing memorandum, Zai concedes without his fraudulent activities, "his companies could not have expanded nor perhaps even survived." Doc.

155 at 3. In other words, Zai's international activities *fueled* additional fraudulent activity. In the end, Zai's actions resulted in over $23 million dollars in losses while Zai paid himself a salary and draw in excess of $1 million dollars. Based upon the relation of Zai's international travel to his crime of conviction, the Court will not permit international travel when all it has before it is the conclusory assertion that such travel is necessary for Zai's current employment --- one which Zai himself describes as an independent contractor role.

The Court would be remiss if it failed to note that Zai's fraudulent acts placed the immigration status of each of his investors at risk. The Court held numerous hearings regarding the ultimate fate of the EB-5 program as forfeiture of that business was directly at issue. While in the end, the Government was able to fashion a remedy that allowed the entity to survive, Zai's acts could have had significant consequences for those investors that had no idea the program had been initially funded with ill-gotten gains.

For similar reasons, the Court declines to terminate Zai's supervised release. Zai's criminal conduct resulted in massive losses at the ultimate closure of a credit union. Given the duration of Zai's fraudulent scheme, his willingness to bribe the head of a credit union to further his scheme, and the lack of detail surrounding his current employment, the Court believes that continuing supervision is necessary.1 For that matter, the Court notes that during his sentencing, the Government requested the maximum term of supervised release for similar reasons:

> With respect to supervised release, Your Honor, given the amount of time that this fraud went on, willingness to submit so many false and fraudulent financial documents, we would ask for a five-year term of supervised release.

Doc. 168 at 85. While Zai has complied with the terms of his supervised release to date, the Court

---

1 The Court notes that there exists no viable mechanism to supervise Zai during any international travel. As there has been no showing of the type of business Zai is engaged in and its need for international travel, the Court is not willing at this time to allow Zai to travel unsupervised to foreign countries.

believes that protecting the public requires the Court to maintain its supervision to ensure Zai does not return to his fraudulent activities.

    Based upon the above, both aspects of Zai's renewed motion are DENIED.

    IT IS SO ORDERED.

| | |
|---|---|
|     March 9, 2023 | /s/John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |